UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL THOMPSON,<br><br>            Plaintiff,<br><br>      v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>            Defendants. | Case No.   16-cv-03415-CW<br><br>CASE MANAGEMENT SCHEDULING ORDER FOR REASSIGNED CIVIL CASE |

This action having been reassigned to the undersigned judge,

IT IS HEREBY ORDERED that a Case Management Conference will be held on **September 20, 2016, at 2:30 P.M.** in Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, CA  94612.  Pursuant to Civil L.R. 16-9(a), a joint Case Management Statement will be due seven (7) days prior to the conference (see attached Standing Order for All Judges of the Northern District of California).

Removing Defendant is directed to serve a copy of this Order at once on all parties to this action in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure.  Following service, the party causing the service shall file a certificate of service with the Clerk of Court.

This order vacates the dates set in the June 24, 2016 case management scheduling order (Docket No. 5).

**IT IS SO ORDERED**

Dated: July 8, 2016

CLAUDIA WILKEN
United States District Judge

**SCHEDULING NOTES AND STANDING ORDER**

**Criminal Law and Motion** calendar is conducted on **Tuesdays** at 2:00 p.m. **Case Management Conferences and Pretrial Conferences** are conducted on **Tuesdays** at 2:30 p.m. **Civil Motion** calendar is conducted on **Tuesdays** at 2:30 p.m. Order of call is determined by the Court. Parties need not reserve a hearing date for civil motions; however, parties must check the legal newspapers or the Court's website at www.cand.uscourts.gov for unavailable dates.

**Discovery disputes** will be referred to a Magistrate Judge. After the parties have met and conferred, the parties shall prepare a joint letter of not more than 8 pages explaining the dispute. Up to 12 pages of attachments may be added. The joint letter must be electronically filed under the Civil Events category of "Motions and Related Filings >Motions-- General > Discovery Letter Brief." The Magistrate Judge to whom the matter is assigned will advise the parties of how that Judge intends to proceed. The Magistrate Judge may issue a ruling, order more formal briefing, or set a telephone conference or a hearing. After a Magistrate Judge has been assigned, all further discovery matters shall be filed pursuant to that Judge's procedures.

**Motions for Summary Judgment**: Absent permission from the Court, all case-dispositive motions in a case will be briefed and heard together, on the case-dispositive motion hearing cut-off date, or on an earlier available date agreed to by the parties. Multiple parties should file joint briefs if possible. If Plaintiffs wish to file a motion for summary judgment, they shall do so 6 weeks before the cut-off date. If Defendants wish to file a cross-motion as well as an opposition to the motion, any cross-motion shall be contained within the opposition to the motion, which may contain up to 25 pages in total, and shall be filed 14 days after the filing of the motion. The reply to the motion shall include the opposition to any cross-motion, may contain up to 15 pages in total, and shall be filed 7 days after the filing of the opposition. A reply to any cross-motion may contain up to 15 pages, and shall be filed 7 days after the filing of the opposition. If Plaintiffs do not file a motion for summary judgment, Defendants may file one 5 weeks before the case-dispositive motion hearing cut-off date and the schedule in Local Rule 7-3 shall apply. Courtesy copies of multi-page exhibits for chambers should be clearly marked with tabbed dividers.

**STANDING ORDER FOR ALL JUDGES**

**<u>OF THE NORTHERN DISTRICT OF CALIFORNIA</u>**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and

3

confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

7.   Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8.   Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9.   Class Actions: If a class action, a proposal for how and when the class will be certified.

10.  Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.  Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.  Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions

4

necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes    ___ No

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Trial Procedure: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any

5

persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Professional Conduct: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

6